**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

JOHN K. GOFFIGAN, #1049041
    Petitioner,

v.                                                                                            ACTION NO. 2:11cv364

HAROLD W. CLARKE,
    Director of the Virginia
    Department of Corrections

    Respondent.

**UNITED STATES MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

**I. STATEMENT OF THE CASE**

**A. Background**

Petitioner John K. Goffigan ("Goffigan" or "Petitioner") was convicted of aggravated malicious wounding, use of a firearm in the commission of aggravated malicious wounding, and possession of a firearm by a convicted felon on September 11, 2007, in the Circuit Court for the City of Suffolk. On December 12, 2007, Petitioner was sentenced to an active term of ten years in prison. It is this conviction and sentence that Petitioner is challenging in the present action.

Petitioner filed a direct appeal to the Virginia Court of Appeals, in which he alleged (1) that the evidence adduced at trial was insufficient to sustain his convictions, (2) that the trial court abused its discretion by admitting hearsay, and (3) that the trial court abused its discretion by denying Petitioner's objection to the Commonwealth's cross-examination of a defense witness. On June 18, 2009, a single judge of the Court of Appeals denied Goffigan's petition. On September 14, 2009, a three-judge panel of the Court of Appeals awarded Petitioner an appeal as to his cross-examination claim. On February 23, 2010, the Court of Appeals affirmed Petitioner's convictions. Goffigan's subsequent petition for appeal to the Supreme Court of Virginia was denied on July 26, 2010.[1]

Goffigan filed a petition to the Supreme Court of Virginia on November 5, 2010, requesting a writ of habeas corpus. In this petition, Goffigan challenged the legality of his confinement, alleging he was denied effective assistance of counsel because counsel failed to object to the Commonwealth's motion for a continuance, pushing his trial outside of the speedy trial requirements set forth in Va. Code § 19.2-243. The Virginia Supreme Court dismissed Goffigan's petition on June 3, 2011, finding Goffigan's claim to be without merit under the Strickland v. Washington, 466 U.S. 668 (1984), standard.

Petitioner then filed a petition for a writ of habeas corpus in this Court on June 29, 2011. ECF No. 1. On October 7, 2011, Respondent filed a Rule 5 Answer and Motion to Dismiss. ECF Nos. 8 and 10. Also on October 7, 2011, Respondent mailed the motion and a notice in accordance with Roseboro v. Garrison, 528 F.2d 209 (4th Cir. 1975) and Local Rule 7(K) to Petitioner, advising him that he was entitled to file a response to Respondent's motion within twenty days, that the Court possessed the authority to dismiss his action based on Respondent's motion in the absence of a response, and that any response must identify all facts stated by

---

[1] In this petition, Petitioner re-asserted only grounds (1) and (3) from his direct appeal to the Court of Appeals.

Respondent with which Petitioner disagrees and must set forth his version of the facts. ECF No. 11. The time for filing an opposition to the motion to dismiss has expired, and this matter is ripe for adjudication.

**B. Grounds Alleged**

Petitioner asserts he is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

1) Petitioner's counsel was ineffective for failing to object to the Commonwealth's motion for a continuance;

2) The evidence adduced at trial was insufficient to sustain his convictions; and

3) The trial court abused its discretion by denying Goffigan's objection to the Commonwealth's cross-examination of a defense witness.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A. Exhaustion**

In order for the Court to address the merits of this habeas petition, all of Petitioner's claims must be exhausted. See 28 U.S.C. § 2254(b) (2010). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). As Pruett explains, "[t]his [exhaustion] requirement is strictly enforced, in the interests of giving the state courts the first opportunity to consider and, if necessary, correct the alleged constitutional errors in a person's conviction and sentencing." Id. "The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994) (quoting Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988)).

Exhaustion may be achieved either through direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). All of the claims presented in this petition have been exhausted, having been raised on direct appeal or in state habeas in the Supreme Court of Virginia.

**B. Standard of Review**

Pursuant to Title 28 of U.S.C. § 2254, a federal court may not grant relief on any claim that the Supreme Court of Virginia adjudicated on the merits unless the Supreme Court of Virginia's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (2010).

The Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (citing H.R. CONF. REP. NO. 104-518, at 111 (1996)). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 389. Additionally, a rejection of a claim by the Supreme Court of Virginia is "no less an 'adjudication' of the merits of the claim and must be reviewed under the deferential provisions of § 2254(d)(1)." Bell v. Jarvis, 236 F.3d 149, 158 (4th Cir. 2000). As such, this Court may assess,

under the same deferential standards of 28 U.S.C. § 2254, the rationale of the lower state court opinion upon which the Supreme Court of Virginia relied in rejecting petitioner's appeal. Id.

**C. Non-Cognizable Claims**

Petitioner's claim in ground (3) is not an appropriate assignment of error for a habeas petition and, therefore, is non-cognizable. The United States Code permits a federal court to issue a writ of habeas corpus only if the state prisoner "is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. 2254(a). Moreover, "[m]atters of state law not involving federal constitutional issues are not appropriate grounds for federal habeas corpus relief." Hailey v. Dorsey, 580 F.2d 112, 115 (4th Cir. 1978).

Petitioner's argument presented in Ground (3) charges that denying Petitioner's objection to the Commonwealth's examination of a defense witness was in error for two reasons. First, Petitioner asserts, as he did on direct appeal to the Virginia Court of Appeals, that the trial court erred by permitting the prosecutor to ask a defense witness whether another witness would have been mistaken had he testified Petitioner and Petitioner's codefendant arrived at the crime scene at the same time. Resp't's Mot. to Dismiss, Ex.2, Pet'r's Appeal Br., at 45, ECF No. 10. He argues the question was improper under *state* law, as it was not based in fact, citing Kanter v. Commonwealth, 171 Va. 524 (1938).

Petitioner further attacks the trial court's allowance of the question because it improperly asked one witness to comment on the credibility of another witness. Petitioner again cites Virginia case law to make his claim of error, asserting that the question improperly invaded the trier of fact's discretion to judge the credibility of the witness. Resp't's Mot. to Dismiss, Ex. 2, Pet'r's Appeal Br., at 46.

Goffigan's two-fold attack on the permittance of the cross-examination question relies

solely on state law and invokes no federal Constitutional claim. This Court cannot re-examine the state court's determinations on this state-law question, as "federal habeas relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). Because Goffigan's claim "rests solely upon an interpretation of Virginia's case law and statutes, it is simply not cognizable on federal habeas review." Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998). Therefore, this Court recommends that Ground (3) be DENIED.

**D. Merits**

    1) Ineffective Assistance of Counsel Claim

Petitioner alleges in his habeas petition to the Supreme Court of Virginia that his trial counsel was ineffective in violation of the Sixth Amendment by failing to object to a continuance when the Commonwealth's Attorney was ill on the day of his trial. Goffigan asserts that, as a result of counsel's failure to object, he was tried outside of the speedy trial requirements set forth in Virginia Code § 19.2-243, which requires that a continuously incarcerated defendant must be brought to trial within five months after a general district court finds probable cause to believe that he has committed the crime. Section 19.2-243, however, provides for this statute of limitations period to be tolled when "circumstances beyond the control of the trial judge and parties, such as a sickness of a witness [or]. . . by continuance granted on the motion of the accused or his counsel, or by concurrence of the accused *or his counsel* in such a motion by the attorney for the Commonwealth . . . ." Va. Code § 19.2-243 (emphasis added).

The exceptions contained in the statute are not exhaustive, and other similar exceptions are to be implied. McCray v. Commonwealth, 605 S.E.2d 2291, 295 (Va. Ct. App. 2004). Further, any circumstance, whether explicitly enumerated in the statute or not, that is "beyond

the control of the trial judge and the parties . . . warrant[s] a delay in the trial to ensure a fair trial to both the accused and the Commonwealth." Baity v. Commonwealth, 431 S.E.2d 891, 894 (Va. Ct. App. 1993).

The General District Court found that probable cause existed on May 12, 2007. As Goffigan concedes, the trial was set for July 13, 2007, a date well within the limitations period. Resp't's Mot. to Dismiss, Ex. 4, Pet'r's State Habeas Pet., at 4. When parties appeared for trial on that date, the Commonwealth moved for a continuance because the Assistant Commonwealth's Attorney, Susan Walton ("Walton"), assigned to the case was ill that day. Resp't's Mot. to Dismiss, Ex.4, Cont. Order. Counsel for Petitioner acknowledged that Walton had represented the Commonwealth since the initiation of the charges against Petitioner and concluded that no other prosecutor would be able to try such a complex case on the initial date of trial. Resp't's Mot. to Dismiss, Ex. 5, Aff. of Michael D. Eberhardt. Consequently, counsel for Petitioner did not object to the Commonwealth's continuance motion, and the trial date was re-set for September 11, 2007, the first available date for the court and the parties. Id. Counsel indicated in a sworn affidavit that he did not object because there was no "legal foundation for said objection . . . because the circumstances as they existed on the [original] trial date . . . were beyond the control of the trial judge and the parties, and the tolling exceptions of Code § 19.2-243 applied regarding the prosecutor's illness." Id.

The crux of Petitioner's allegation is that, had counsel objected to the continuance on speedy trial grounds, the "trial court would have been bound by law to dismiss the prosecution with prejudice." Resp't's Mot. to Dismiss, Ex. 4, Pet'r's State Habeas Pet., at 5. Essentially he claims that, if not for his counsel's alleged ineffective assistance, he would not be incarcerated.

To sustain his allegations of ineffective assistance of counsel, Petitioner must meet the

7

burden established by Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the Supreme Court enunciated a standard to determine if a counsel's performance fell below an objective standard of reasonableness, and the defendant suffered actual prejudice as a result. 466 U.S. at 689-94; Williams, 529 U.S. at 391. Strickland requires this Court to review the reasonableness of Goffigan's attorney's decisions under a two-prong test: performance and prejudice. Id.

Under the performance prong, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Under the prejudice prong, the petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." Id. Further, the Court is required to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. A court addressing an ineffective assistance of counsel claim need not analyze the performance prong before the prejudice prong, nor is it required to "address both components of the inquiry." Id. at 697. That is, an ineffectiveness claim may be dismissed for lack of sufficient prejudice *or* if performance does not fall below an objective standard or reasonableness. Id.

Petitioner's ineffective assistance claim was addressed in his petition for habeas corpus to the Supreme Court of Virginia and dismissed. The Supreme Court of Virginia clearly and thoroughly articulated its application of Strickland v. Washington, 466 U.S. 668 (1984), to the facts in this case, finding that Petitioner's claim "satisfie[d] neither the 'performance' nor the

8

'prejudice' prong" of the Strickland test.[2] Resp't's Mot. to Dismiss, Ex. 4, Opinion, at 34. Therefore, an independent review of the record is not necessary. See Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000). In order to recommend granting Goffigan relief on his ineffective assistance of counsel claim, this Court must find that the Supreme Court of Virginia's dismissal of his claim was an unreasonable application of Strickland. After reviewing the record and arguments presented, this Court cannot find that the Supreme Court of Virginia's ruling denying Petitioner's writ of habeas corpus was an unreasonable application, or in violation of federal law. Therefore, the Court recommends that Ground (1) be DENIED.

### 2) Sufficiency of the Evidence

Petitioner alleges, as he did on direct appeal in the state court, that the evidence at trial was insufficient to sustain his convictions. Resp't's Mot. to Dismiss, Ex.2, Pet'r's Appeal Br., at 33. Petitioner claims that the testimony of the victim, Rashad Chapman ("Chapman") "is so riddled with inconsistencies as to be inherently incredible." Resp't's Mot. to Dismiss, Ex.2, Pet'r's Appeal Br., at 40. Specifically, he claims that the victim testified differently at trial and the preliminary hearing as to which direction Petitioner approached him from on the day of the crime. Id. at 41. He also claims that the victim's story about whether he was drinking on the night of the crime changed between the preliminary hearing and the trial. Id. at 40.

For these reasons, Petitioner urges this Court to find his conviction unsupported by sufficient evidence because the Commonwealth's case was proven almost entirely through the testimony of this witness, who was inherently uncredible. Petitioner also claims the evidence is legally insufficient because "the Commonwealth chose to cease its investigation once the victim

---

[2] Specifically, the Supreme Court held that Petitioner failed to show how, had counsel successfully objected, the Commonwealth would have been able to try him within the statutorily required time-frame. Resp't's Mot. to Dismiss, Ex. 4, Opinion, at 34. Additionally, the court acknowledged counsel's reasons for not objecting to the continuance and held that Petitioner failed to demonstrate how this was deficient performance under Strickland. Id.

9

had made his identity choices." Id. at 42. Petitioner attacks the evidence because the Commonwealth did not collect fingerprint samples on the gun cartridges at the scene, circumstantial evidence which, according to Petitioner, is more reliable than the testimony of this uncredible eyewitness. Id. at 17. On direct appeal, the Court of Appeals found Goffigan's argument unpersuasive. Resp't's Mot. to Dismiss, Ex. 2, Order, Ex. 2, at 50-55. The Supreme Court of Virginia affirmed this decision when it denied Goffigan's petition for appeal. Resp't's Mot. to Dismiss, Ex. 3, Pet'r's Appeal Br., at 26.

When considering a sufficiency of the evidence claim, the Court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements . . . beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). This Court must resolve any conflicts in favor of the prosecution. Id. at 323. The evidence presented at Goffigan's trial, as summarized by the Court of Appeals of Virginia, showed the following:

> [T]he evidence proved that Rashad Chapman, the victim, had an altercation with [Petitioner's] brother, Jermaine Goffigan. The next day, [Petitioner] and Marcus Green approached Chapman [the victim] at a convenience store and Green asked Chapman why he had called the police about the altercation. Chapman told [Petitioner] and Green he did not want any trouble. When Chapman arrived at the house, an individual named Alphonso Harris was seated on the front porch. Chapman wanted Harris to mediate his differences with Jermaine. [Petitioner] and Green went to the house and again asked Chapman about the incident with Jermaine. [Petitioner] and Green tried to get Chapman to walk to the backyard of the house when Chapman noticed that [Petitioner] and Green had guns. Chapman saw [Petitioner] lift his arm, and he testified [Petitioner] shot him. Chapman turned around, ran, and heard several shotguns. Chapman was shot in the arm and in the back and fell to the ground. The police recovered three .40 caliber cartridge cases and eight 9mm Luger cartridge cases. The .40 caliber cartridge cases had been fired from the same gun, and the 9mm Luger cartridge cases had been fired from the same gun. The police did not attempt to get any fingerprint evidence from the cartridge cases. Later, [Petitioner] returned to the scene of the shooting. [Petitioner] changed his clothes. [Petitioner] told Detective Burke he returned to the scene because people were saying that he had shot Chapman and wanted to clear his name.

> Detective McCarley saw Chapman at the scene, and Chapman kept repeating the word "Bonbon." At the hospital, Chapman told McCarley that "Bonbon" and "Pookie" shot him. McCarley later learned that [Petitioner's] nickname was "Bonbon" and Green's nickname was "Pookie." At the hospital, Chapman also mentioned the name "Alphonso." Chapman also stated Jermaine was not at the scene of the shooting.
>
> Two jailhouse informants for the Commonwealth testified [Petitioner] told them that he had shot Chapman. Three jailhouse informants for the defense testified that the two informants for the Commonwealth and said they were willing to lie in order to get a "time cut."
>
> Three defense witnesses testified they heard Chapman state that [Petitioner] did not shoot him, and another witness testified she saw Jermaine on the side of the house. Two additional witnesses saw several men at the house prior to the incident, and one testified he saw Jermaine running along the side of the house with a gun. Jermaine testified he and Harris fired at Chapman. Jermaine admitted he spoke to the police soon after the shooting, told the police that he was not involved, and stated he was not present. Jermaine admitted he believed his testimony at his brother's trial could not be used against him for the crimes.

Resp't's Mot. to Dismiss, Ex. 2, Order, at 50-52. Petitioner invites the Court to consider anew the determination of witness credibility. However, the Court is required to be "especially deferential to the state . . . . court's findings of witness credibility . . . . [W]e will not overturn the court's credibility determinations unless its error is 'stark and clear.'" Elmore v. Ozmint, 661 F.3d 783, 850 (4th Cir. 2011) (internal citations omitted).

The Virginia Court of Appeals noted that trial judge listened to the testimony of the witnesses, observed their demeanor, and evaluated all of the evidence, including the inconsistencies and lack of fingerprint evidence Goffigan cites. Resp't's Mot. to Dismiss, Ex. 2, Order, at 52. After a careful evaluation of all of this evidence, the trial judge determined the victim's testimony was credible. Id. There is no indication that this determination was a "stark and clear" error. Elmore, 661 F.3d at 850. Further, viewing the evidence in the light most favorable to the prosecution, this Court finds that a rational trier of fact could have found the

essential elements beyond a reasonable doubt, as the trial judge found. Therefore, Goffigan's convictions are supported by sufficient evidence. This Court recommends the denial of Goffigan's Ground (2).

## III. <u>RECOMMENDATION</u>

Based on the foregoing, the Court recommends that Goffigan's petition for writ of habeas corpus be DENIED (ECF No. 1), and Respondent's Motion to Dismiss be GRANTED (ECF No. 10).

## IV. <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of

this court based on such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

>                   /s/
>      Tommy E. Miller
>  United States Magistrate Judge

Norfolk, Virginia
February 24, 2012